ELIZA R. P. CHRISTIAN, AN INCOMPETENT PER-
SON, BY HERMAN V. von HOLT, HER GUARD-
IAN, *v.* WAIALUA AGRICULTURAL COMPANY,
LIMITED, AND JAMES L. HOLT.

No. 1920.

ELIZA R. P. CHRISTIAN, AN INCOMPETENT PER-
SON, BY HERMAN V. von HOLT, HER GUARD-
IAN, *v.* WAIALUA AGRICULTURAL COMPANY,
LIMITED, AND JAMES L. HOLT.

No. 1948.

ARGUED MARCH 26, 1930.                    DECIDED APRIL 7, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

In a suit in equity brought in behalf of an alleged incompetent person the circuit judge, on October 16, 1929, entered a decree ordering cancellation of a deed made by the complainant to one of the respondents and payment of a sum of money by the respondent to the complainant. On October 19, 1929, the Waialua Agricultural Company, Limited, against which the decree was entered, filed its notice of appeal from that decree and within the time limited by law in such cases paid to the clerk of the court a sum of money as costs accrued. Thereafter the appellee moved to dismiss the appeal on the ground that not all of the costs accrued had been paid as required by law. This court, with one of its members dissenting, denied the motion. Thereafter the appellant filed in this court its opening brief. Still later, on March 21, 1930, the same appellant filed in this court its application for a writ of error to be directed to the same trial judge or court, with an assignment of alleged errors. Immediately thereafter and on the same day a writ of error was issued by the clerk of this court as prayed for. On the following day the plaintiff in error filed in this court a motion "that the time for filing the record herein, the return of the writ, the time for filing briefs, or any other proceedings hereunder be continued until final decision and decree by this honorable court on the appeal now pending," and being the same appeal above mentioned, "and, in the event of appeal being taken from said decision and decree of this honorable court to any appellate court or courts, then until the return of the mandate from such appellate court." Before hearing was had on this motion for a continuance the appellee filed in case No. 1920 a motion to dismiss the appeal or to compel the appellant to elect between the appeal and the writ of error, and in No. 1948 a motion to dismiss the writ of error or to compel the

appellant to elect between the two remedies. The three motions were argued together.

Under our statutes a party aggrieved by a decree in equity rendered by a circuit judge may obtain a review in this court of the decree either by filing and perfecting an appeal in the manner required by law or by obtaining issuance of a writ of error, accompanied by the necessary formalities. He cannot review a decree by both methods and when it can be said with definiteness and certainty that both remedies are open to an appellant and he has attempted to pursue both methods, he will be compelled to elect which he will pursue. In a case in which this court acts as a court of final resort it will doubtless require an election if both remedies are available and sought to be availed of. In the present instance, however, this court is not a court of final resort. The amount involved in the suit, the value of the land conveyed by the deed which has been ordered set aside and the money judgment which has been entered are each and all in excess of $5,000. Indisputably, an appeal will lie from such a decree as this court may hereafter enter on the merits to the United States circuit court of appeals of the ninth circuit and it is conceivable that the Supreme Court of the United States will issue a writ of certiorari to review the decision and decree of the United States circuit court of appeals of the ninth circuit. This court, speaking by a majority, has expressed its opinion that the objections urged by the appellee to the appeal of the Waialua Agricultural Company (on the ground of payment of insufficient costs) are not well founded, that the appeal was duly perfected by the payment of all of the costs accrued required by the statute to be paid and that that appeal is a valid and existing appeal. The members of the court who concurred in the order denying the motion to dismiss are still of the same opinion. But whatever our estimate of the probabil-

ities of an affirmance of that ruling by the circuit court of appeals above mentioned, it is equally clear that that appellate court has the power and may exercise it to reverse our ruling and to hold that the attempted appeal is invalid, inoperative and nonexistent.

It is clearly the purpose of our statutes to permit a party aggrieved by decrees in equity, as well as by judgments at law, to have in this court a review (in some cases perhaps more limited in scope than in others) of such decrees and judgments. Under the circumstances just enumerated it is obvious that if this court, insistent upon the correctness of its ruling denying the motion to dismiss, shall dismiss the writ of error and if thereafter either the circuit court of appeals or the Supreme Court of the United States shall reverse our ruling and dismiss the appeal, the Waialua Agricultural Company will find itself out of court and unable to obtain a review of the decree and solely because of the refusal of this court to take cognizance of the possibility of a reversal.

For the same reasons an election ought not to be compelled at this time. An election presupposes two alternatives from which the choice is to be made and in this instance it would presuppose two valid existing methods of review. It is true that we have said that in our opinion the appeal is a valid and existing method, but it is equally true that we are merely in the position of an intermediate court and that it is within the possibilities that a higher court will still dismiss the appeal. A dismissal of the appeal by one of the two higher courts would mean that the appeal was never validly taken or effective. It would mean that now there is no appeal or right of appeal that the Waialua Agricultural Company can choose from in conjunction with a writ of error.

In causes, both civil and criminal, postponements and continuances are frequently granted, for all manner of

352

reasons. They are granted in order to effectuate justice. A mere continuance of all proceedings in the writ of error case until a final determination is had as to whether the Waialua Agricultural Company in reality has a valid appeal will not injure the appellee. A denial of the request for a continuance may cause serious injury to the Waialua Agricultural Company. The equities in this matter are all with the latter.

The motion to continue proceedings in the writ of error case is granted. The motions to dismiss the writ of error, to dismiss the appeal and to compel an election are denied, without prejudice to the right of the appellee to renew, after the final determination of the validity of the appeal, the motion to dismiss the writ of error if it shall then prove necessary to do so.

*B. S. Ulrich* (*Ulrich & Hite* on the brief) for petitioner.

*A. G. M. Robertson* (*Robertson & Castle* on the brief) for Waialua Agr. Co.